FILED
2012 JUL 19 AM 7:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA ROSALES,<br><br>               Plaintiff,<br><br>   vs.<br><br>VYRONICA SMITH, et al.,<br><br>               Defendants. | CASE NO. CV 12-5891 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

      The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

      On July 9, 2012, Defendant Vyronica Smith, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover, because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

      There is no basis for concluding that Plaintiff could have brought this unlawful detainer action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*,

545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists,[1] the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint expressly alleges that the amount demanded does not exceed "$10,000." Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, One Regent Street, Inglewood, CA 90301, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: July 17, 2012

AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As noted in the Court's separate Order denying leave to proceed without prepayment of the filing fee, Defendant's assertion that Plaintiff is a "foreign entity" based in Sri Lanka is belied by matters of public record, of which judicial notice may be taken.